**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111733

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sally Gil and Suzette Rene, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Allied Interstate LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Sally Gil and Suzette Rene, individually and on behalf of all others similarly situated(hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Allied Interstate LLC(hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Sally Gil is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Suzette Rene is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Allied Interstate LLC, is a Ohio Limited Liability Company with a principal place of business in Franklin County, Ohio.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Sally, Defendant contacted Plaintiff Gil by letter ("the Letter") dated June 1, 2017. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Rene, Defendant contacted Plaintiff Rene by letter ("the Letter") dated June 1, 2017. ("**Exhibit 1**.")

17. The Letter was the initial communication Plaintiff Gil received from Defendant.

18. The Letter was the initial communication Plaintiff Rene received from Defendant.

19. The letters are identical in all material respects.

20. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

21. 15 U.S.C. § 1692g provides that within five days after the initial communication

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

23. There is no requirement that the consumer dispute the debt in writing.

24. It is a violation of FDCPA to require disputes be made in writing.

25. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(3) statement.

26. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(3) statement.

27. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

28. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

29. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

30. The letters dictate that Plaintiff should correspond with Defendant, other than payments, at: Allied Interstate LLC, PO Box 361445, Columbus, Ohio, 43236.

31. Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013)

32. Disputes may be made orally.

33. The language concerning written disputes overshadows the required 15 U.S.C. § 1692g(3) statement.

34. The language concerning written disputes contradicts the required 15 U.S.C. § 1692g(3) statement.

35. The language concerning written disputes, when examined from the perspective

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

36. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

37. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

38. Defendant violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

39. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

41. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

42. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

43. The letters could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

44. Because the letters letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

45. The least sophisticated consumer would likely be deceived by the letter.

46. The least sophisticated consumer would likely be deceived in a material way by the letter.

47. The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

48. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

49. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same form letter herein which includes language suggesting disputes need to be made in writing, from one year before the date of this Complaint to the present.

50. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

51. Defendant regularly engages in debt collection.

52. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same form letter herein which includes language suggesting disputes need to be made in writing.

53. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

55. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## **JURY DEMAND**

56. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: June 5, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 111733