**FILED
CLERK**

4:20 pm, Nov 03, 2017

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
SALLY GIL and SUZETTE RENE, individually
and on behalf of all others similarly situated,

                     Plaintiffs,

          -against-

ALLIED INTERSTATE, LLC,

                     Defendant.
---------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:17-cv-3362 (ADS)(AYS)

**APPEARANCES:**

**BARSHAY SANDERS, PLLC**
*Attorneys for the Plaintiffs*
100 Garden City Plaza, Suite 500
Garden City, NY 11530
       By:    Eric A. Curtis, Esq., Of Counsel

**REED SMITH LLP**
*Attorneys for the Defendant*
599 Lexington Avenue
New York, NY 10022
       By:    Nana Japaridze, Esq., Of Counsel

**SPATT, District Judge**:

       This putative class action began when Sally Gil ("Gil") and Suzette Rene ("Rene") (together, the "Plaintiffs") commenced this action individually and on behalf of all others similarly situated, against Allied Interstate, LLC ("Allied" or the "Defendant") for damages stemming from alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiffs contend that the Defendant falsely informed the Plaintiffs, in the form of a debt collection letter, that any disputes they had in connection with their debt must be made in writing.

1

Prior to its ruling, the Court notes that the Defendant's memoranda uses footnotes, which is contrary to this Court's Individual Rule II.A. Notwithstanding this infraction, the Court will consider the Defendant's papers in rendering its decision. However, the Court advises the Defendant's counsel that any future filings that contain footnotes will not be considered by this Court.

Presently before the Court is a motion by the Defendant, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the Plaintiffs' entire complaint for failure to state a claim upon which relief can be granted. For the following reasons, the Defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied.

## I. BACKGROUND

Unless otherwise noted, the following salient facts are drawn from the amended complaint and are construed in favor of the Plaintiffs.

The Plaintiffs are individuals, residing in Suffolk County, New York, who incurred consumer credit card debt originally held by Synchrony Bank. Gil and Rene subsequently were unable to make the required debt payments and their debts were assigned or transferred to Allied for collection. Complaint ¶¶ 5-7, 11-14.

Allied is a Franklin County, Ohio based debt collector who was assigned the Plaintiffs' debts. *Id*. ¶¶ 8-10, 14.

The Defendant sent a letter to the Plaintiffs, dated June 1, 2016, informing them that Synchrony Bank retained Allied to collect their outstanding debt. The letter detailed the amount owed and according to the Plaintiffs, informed them that they must dispute the validity of the underlying debt in writing. The letter stated, in pertinent part, that:

2

> Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

Complaint, Exhibit 1. Such a letter constituted an initial notice to the Plaintiffs pursuant to 15 U.S.C. § 1692g. It is unknown to the Court when the Plaintiffs received the letters.

On June 5, 2017, the Plaintiffs commenced this action against the Defendant by filing the putative class action complaint.

The instant motion was filed on August 16, 2017 by the Defendant seeking to dismiss the entire amended complaint, pursuant to Rule 12(b)(6).

## II. DISCUSSION

### A. Standard of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

3

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B. Fair Debt Collection Practices Act**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)). Under the FDCPA, "any debt collector who fails to comply with any provision of [§ 1692k] with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). The act "imposes civil liability on 'debt collector[s]' for certain prohibited debt

collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 573, 130 S. Ct. 1605, 1606, 176 L. Ed. 2d 519 (2010).

In order to successfully state a claim under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d, 542, 548 (S.D.N.Y. 2010) (internal citations omitted); *accord Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (same).

Furthermore, the Second Circuit does not require debtors to dispute the validity of the debt in writing. *See Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) (ruling that the FDCPA allows a consumer to contact a debt collector in forms other than writing when disputing the validity of a debt). Consequently, "if the debt collector includes other language that overshadows or contradicts the validation notice to the extent that it renders the notice ineffective, the debt collector violates [15 U.S.C.] § 1692g as a matter of law." *Vega v. Credit Bureau Enters.*, No. 02-cv-1550, 2005 WL 711657, at *6 (E.D.N.Y. Mar. 29, 2005) (internal citations and quotations omitted).

## C. The Statute of Limitations Does Not Bar Plaintiffs' FDCPA Claim

The Defendant argues that the Plaintiffs fail to state a claim upon which relief can be granted because Plaintiffs' FDCPA claims are time-barred. The Court finds no merit in this argument.

According to the FDCPA, a claim must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Benzemann v. Citibank N.A.*, 806 F.3d 98, 99

(2015).  In this case, the Plaintiffs filed this suit on June 5, 2017.  Therefore, only acts that accrued on or after June 5, 2016 are considered timely.  *See* 15 U.S.C. § 1692k(d).

Further, the letters that the Defendant sent to the Plaintiffs were dated June 1, 2016, five days before the deadline for the statute of limitations.  *See* Complaint, Exhibit 1.  The Defendant argues that (1) the alleged FDCPA violation occurs on the day that the debt collector sends the communication, rather than when the communication was received by the debtor; and (2) that the letter was sent on June 1, 2016.  However, the Plaintiffs contend that the alleged violation occurred on the day the consumer received the communication, as well as that the Defendant cannot demonstrate at the pleadings stage that the letter was indeed sent on June 1, 2016.  *See* Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Memo") at 2.

As both parties concede in their briefing papers, the Second Circuit has not yet spoken on the issue of whether an FDCPA violation occurs at the time a debt collector sends a letter to a debtor or whether it occurs when the debtor receives the communication.  *See, e.g.*, Memorandum of Law in Further Support of Motion to Dismiss at 2 ("[W]hile *Benzemann* is binding authority in this circuit, it is inapposite here [in these factual circumstances]."); Plaintiffs' Memo at 1 ("[T]he Second Circuit has not ruled on this issue in the precise context of a collection letter.").  In *Benzemann*, the Second Circuit did establish that when "a debt collector sends an allegedly unlawful *restraining notice to a bank*, the FDCPA violation does not 'occur' for purposes of Section 1692k(d) until the bank freezes the debtor's account."  806 F.3d at 103 (emphasis added).  However, this case involves a debt collection letter sent to a debtor, not a restraining notice sent to a bank.  Hence, the Second Circuit's reasoning, which turned on the nature of freezing a bank account, may be unsuitable to the present facts.  *See id*. ("[T]he concerns [of cases premised on

6

the sending of debt collection notices to consumers] are not present in this case."). Accordingly, *Benzemann* does not control concerning the point of law at issue.

A number of district courts in this circuit have considered this matter and held that the one-year statute of limitations period begins to run for an FDCPA violation on the date that the consumer receives the "allegedly unlawful communication." *Donchatz v. HSBC Bank USA, N.A.*, No. 14-cv-194, 2015 WL 860760, at *9 (W.D.N.Y. Feb. 27, 2015) (internal citations omitted); *Seabrook v. Onondaga Bureau of Med. Econ., Inc.*, 705 F. Supp. 81, 83 (N.D.N.Y. 1989) (noting that it was "more likely" that the statute of limitation would begin to run "on the date the debtor received the communication which supposedly violated the FDCPA"); *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) ("While a question may exist as to whether the cause of action accrues on the date upon which the allegedly unlawful communication is sent or received, there is no question that the latest date upon which the one year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." (internal citations omitted)).

Therefore, this Court holds, consistent with a number of district courts in this Circuit, that the one-year statute of limitations period for an FDCPA violation begins to run on the date that the consumer receives the debt collection letter.

The Plaintiffs failed to include in their pleading the date they allegedly received the debt collection letters and the Defendant did not address the issue in its memoranda. Without such information, the Court cannot dismiss the complaint. Further, the Court cannot determine, as a matter of law, the date upon which the Plaintiffs received the debt collection letters. While, as the Plaintiffs argue, "[t]here is a … presumption [in this Circuit] that a mailed document is received three days after the date on which it is sent," *Molnar v. Legal Sea Foods, Inc.*, 473 F. Supp. 2d

428, 430 (S.D.N.Y. 2007), such a presumption only attaches "when the person who mailed the document followed regular office practice and procedure or has actual knowledge of having mailed the document." *Tanasi v. CitiMortgage, Inc.*, No. 3:16-cv-727, 2017 WL 2837477, at *18 (D. Conn. June 30, 2017) (quoting *Meckel v. Continental Res. Co.*, 758 F.2d 811, 917 (2d Cir. 1985)); *accord Isaacson v. New York Organ Donor Network*, 405 F. App'x 552, 553 (2d Cir. 2011) (internal citations omitted); *Capobianco v. Sandow Media Corp.*, No. 11-civ.-3162, 2012 WL 4561761, at *3 (S.D.N.Y. Sept. 29, 2012) (internal citations and quotations omitted). This information is lacking in the instant case.

Accordingly, the Court declines to rule that the Plaintiffs' FDCPA claim is barred by the statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Defendant's motion pursuant to Rule 12(b)(6), to dismiss the Plaintiffs' complaint is denied.

It is **SO ORDERED**:

Dated: Central Islip, New York

November 3, 2017

                                                              */s/ Arthur D. Spatt*

                                                             ARTHUR D. SPATT

                                                           United States District Judge